McCAULEY–WARD MOTOR SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7466. Promulgated January 30, 1928.

*C. O. McCauley* for the petitioner.
*Bruce A. Low, Esq.,* for the respondent.

OPINION.

LOVE: In arriving at net income, only such deductions from gross income may be made as are allowed by the statute. In the Revenue Act of 1918, which is applicable to the taxable year here under consideration, reserves are not permitted to be deducted (with certain exceptions in the case of insurance companies). *William J. Ostheimer*, 1 B. T. A. 18; *Consolidated Asphalt Co.*, 1 B. T. A. 79; *Uvalde Company*, 1 B. T. A. 932; *Morrison-Ricker Manufacturing Co.*, 2 B. T. A. 1008; *Gude Brothers, Kieffer Co.*, 2 B. T. A. 1029.

The items in question are not deductible as business expenses because such expenses, to be deductible, must have been paid or incurred in the taxable year. We apprehend that no liability for the auditing of petitioner's books accrued until the work was performed the following year. *Amigo Coal Co.*, 8 B. T. A. 598. Also, no liability for bonuses could have accrued until after the end of the annual period upon which was based the computation to determine the amounts of bonuses, if any. See *Hirst & Begley Linseed Co.*, 4 B. T. A. 1160.

*Judgment will be entered on 15 days' notice, under Rule 50.*